# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CITY OF AUSTIN POLICE RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated, | Civil Action No. 1:12-cv-01203-VEC |
| | Judge Valerie E. Caproni |
| Plaintiffs, | ECF Case |
| vs. | CLASS ACTION |
| KINROSS GOLD CORPORATION, TYE W. BURT, PAUL H. BARRY, GLEN MASTERMAN, and KENNETH G. THOMAS, | |
| Defendants. | |

## STIPULATION OF SETTLEMENT

This Stipulation of Settlement (the "Stipulation") is submitted pursuant to Rule 23 of the Federal Rules of Civil Procedure. Subject to the approval of the Court, this Stipulation is entered into between and among Lead Plaintiff the City of Austin Police Retirement System on behalf of itself and the Class (as hereinafter defined), and Defendant Kinross Gold Corporation ("Kinross") and Individual Defendants Tye W. Burt, Paul H. Barry, Glen Masterman, and Kenneth G. Thomas (Kinross and Individual Defendants are collectively referred to hereinafter as "Defendants"), by and through their counsel.

**WHEREAS**:

A.     On February 16, 2012, a securities class action complaint, captioned *Bo Young Cha v. Kinross Gold Corp.*, 12-CV-01203, was filed in this Court against Defendants, alleging violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated under Section 10(b) (hereinafter the "Action," Dkt. No. 1);

B.      On May 31, 2012, the Court issued an Order that appointed the City of Austin Police Retirement System as Lead Plaintiff in the Action, and Bernstein Liebhard LLP as Lead Counsel for the proposed Class (Dkt. No. 33);

C.      On July 23, 2012, Lead Plaintiff filed an Amended Class Action Complaint in the Action (the "Amended Complaint," Dkt. No. 41);

D.      The Amended Complaint alleges, among other things, that Defendants issued materially false and misleading statements regarding the expansion of Kinross's Tasiast gold mine in Mauritania, West Africa to artificially inflate the value of Kinross's common stock between August 3, 2010 and January 17, 2012, inclusive;

E.      The Amended Complaint further alleged that Lead Plaintiff and other Class Members purchased Kinross common stock at prices artificially inflated by Defendants' dissemination of materially false and misleading statements in violation of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, and Rule 10b-5 promulgated under Section 10(b), and were damaged thereby;

F.      On September 7, 2012, Defendants filed a motion to dismiss the Amended Complaint (Dkt. No. 38);

G.      On March 21, 2013, the Court ordered that the caption in the Action be amended to *City of Austin Police Retirement System v. Kinross Gold Corp., Tye W. Burt, Paul H. Barry, Glen Masterman, and Kenneth G. Thomas* (Dkt. No. 57);

H.      On March 22, 2013, the Court issued an Opinion & Order granting in part and denying in part Defendants' motion to dismiss the Amended Complaint.  The Order sustained against all Defendants the Lead Plaintiff's claims concerning alleged securities law violations

resulting from public statements made between August 10, 2011 and January 16, 2012, inclusive (Dkt. No. 58);

I.      On April 5, 2013, Defendants filed a motion for reconsideration of the Court's Opinion & Order (Dkt. Nos. 59-60);

J.      Following the completion of briefing on Defendants' motion for reconsideration, the Court denied Defendants' motion on June 6, 2013 (Dkt. No. 68), and fact discovery commenced;

K.      On July 8, 2013, Defendants filed their Answer to the Amended Complaint (Dkt. No. 71);

L.      On July 17, 2013, the Action was reassigned to Judge Edgardo Ramos (Dkt. No. [X]);

M.      On March 11, 2014, the Action was reassigned to Judge Valerie E. Caproni (Dkt. No. 93);

N.      On April 24, 2014, Judge Caproni held a status conference with the parties, and entered an updated scheduling order in the Action (Dkt. No. 98);

O.      Fact discovery closed on July 25, 2014 after parties had collectively produced and reviewed approximately 750,000 pages of documents and conducted 21 depositions.   In connection with Class certification, depositions and other discovery was provided by Lead Plaintiff and additional named plaintiffs IBEW Local Union No. 58 Annuity Fund, Electrical Workers Pension Trust Fund of IBEW Local Union No. 58, IBEW Local No. 58 Sound & Communication Division Retirement Plan, and City of Bridgeport Pension Plans A Investment.

P.      On July 30, 2014, Lead Plaintiff filed a motion for class certification (Dkt. Nos. 100-103, 112-114).   Defendants opposed Lead Plaintiff's motion for class certification on

September 5, 2014 (Dkt. Nos. 116-117), and Lead Plaintiff filed reply papers on September 19, 2014 (Dkt. Nos. 119-120, 124-125);

Q.      In connection with Class certification, Defendants submitted the proposed expert report of Professor Paul Gompers, and Lead Plaintiff submitted the proposed expert report of Dr. Zachary Nye;

R.      In connection with the merits of the litigation, on September 18, 2014,  Lead Plaintiff submitted the proposed expert reports of Dr. Zachary Nye and Dr. Corby Anderson, and Defendants submitted the proposed expert reports of Professor Gompers, Donald Haas, and Peter Hickson.   Proposed expert rebuttal reports by Professor Gompers, Haas, Dr. Nye, and Dr. Anderson were submitted on October 20, 2014;

S.      On September 29, 2014, Defendants filed a motion to strike portions of Lead Plaintiff's class certification reply brief (Dkt. Nos. 126-129).  Lead Plaintiff opposed that motion on October 14, 2014 (Dkt. No. 130), and Defendants filed reply papers on October 21, 2014 (Dkt. No. 131);

T.      On December 19, 2014, following the depositions of the parties' proposed experts, the parties filed *Daubert* motions.   Lead Plaintiff moved to exclude all three of Defendants' proposed experts (Dkt. Nos. 135-138, 140-142, 144-145, 147), and Defendants moved to excluded both of Lead Plaintiffs' proposed experts (Dkt. Nos. 132-134, 139, 143, 146);

U.      On December 20, 2014, Defendants filed a motion requesting a hearing on Lead Plaintiff's class certification motion and Defendants' motion to exclude the testimony of Dr. Nye (Dkt. No. 149);

V.      On January 5, 2015, Lead Plaintiff responded to Defendants' motion requesting a hearing on class certification and to exclude the testimony of Dr. Nye (Dkt. No. 159). Defendants filed reply papers on January 12, 2015 (Dkt. Nos. 159-160);

W.      Both parties filed oppositions to the pending *Daubert* motions concerning each of their respective proposed experts on January 20, 2014 (Dkt. Nos. 163-172);

X.      On January 30, 2014, before the reply papers for the *Daubert* motions came due, the parties informed the Court that they, with the assistance of retired San Francisco Superior Court Judge Daniel Weinstein acting as a mediator, had reached a settlement agreement in principle.  The settlement agreement was the product of extensive communications between and among the parties, including a full day mediation on April 2, 2014, facilitated by Judge Weinstein;

Y.      The parties requested that the Court hold in abeyance all pending motions, and to cancel the previously calendared February 6, 2015 status conference until the Court has had an opportunity to review this Stipulation;

Z.      Defendants deny any wrongdoing whatsoever, and this Stipulation shall not be construed or deemed to be evidence of, or an admission or concession on the part of any Defendant with respect to any claim or of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that Defendants have asserted.  Defendants are settling the Action to avoid the continuing risks and costs of litigation.  The parties to this Stipulation do not contend that the litigation has been filed by Lead Plaintiff and defended by Defendants in bad faith or without adequate basis in fact under Federal Rule of Civil Procedure 11, and the litigation is being voluntarily settled after advice of counsel.  This Stipulation shall

not be construed or deemed to be a concession by Lead Plaintiff or any Class Member of any infirmity in the claims asserted in the Action;

AA.     Lead Counsel states that it has conducted a thorough investigation relating to the claims and the underlying events and transactions alleged in the Amended Complaint.  Lead Counsel states that it has analyzed the evidence adduced during pretrial discovery, document discovery, and depositions, and have researched the applicable law with respect to the claims of Lead Plaintiff and the Class against Defendants and the potential defenses thereto;

BB.     With the assistance of Judge Weinstein acting as a mediator, Lead Plaintiff, by Lead Counsel, has conducted discussions and arm's length negotiations with Defendants' Counsel with respect to a compromise and settlement of the Action as against all Defendants with a view to settling the issues in dispute and achieving the best relief possible consistent with the interests of the Class; and

CC.     Based upon their investigation, as set forth above, Lead Counsel states that it has concluded that the terms and conditions of this Stipulation are fair, reasonable and adequate to Lead Plaintiff and the Class, and in their best interests, and have agreed to settle the claims raised in the Action pursuant to the terms and provisions of this Stipulation, after considering: (a) the substantial benefits that Lead Plaintiff and the members of the Class will receive from settlement of the Action as against all Defendants, (b) the attendant risks of litigation, and (c) the desirability of permitting the Settlement to be consummated as provided by the terms of this Stipulation.

**NOW THEREFORE**, without any admission or concession on the part of Lead Plaintiff of any lack of merit of the Action whatsoever, and without any admission or concession of any liability or wrongdoing or lack of merit in the defenses whatsoever by Defendants, it is hereby

6

**STIPULATED AND AGREED**, by and among the parties to this Stipulation, through their respective attorneys, subject to approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, in consideration of the benefits flowing to the parties hereto from the Settlement, that all Released Claims (as defined below) as against the Released Parties (as defined below) and all Released Defendants' Claims (as defined below) shall be compromised, settled, released, and dismissed with prejudice, upon and subject to the following terms and conditions:

<u>**CERTAIN DEFINITIONS**</u>

1.      As used in this Stipulation, the following terms shall have the following meanings:

(a)      "Authorized Claimant" means a Class Member who submits a timely and valid Proof of Claim form to the Claims Administrator.

(b)      "Cash Settlement Amount" means the amount specified in ¶ 4 hereof.

(c)      "Claims Administrator" means the firm of Garden City Group, LLC which shall administer the Settlement.

(d)      "Class" means, for the purposes of this Settlement only, all persons or entities that purchased Kinross common stock on the open market in the United States (including, but not limited to, the New York Stock Exchange or any other U.S. trading platform) between August 11, 2011 and January 16, 2012, inclusive (the "Class Period"), and who were purportedly damaged thereby (the "Class").  Excluded from the Class are the following, and their immediate family members: Defendants; Kinross's Board of Directors during the Class Period; Kinross's Senior Leadership Team during the Class Period; and any firm, trust, corporation, officer, director, or other entity in which any Defendant has a controlling interest, or which is

related to or affiliated with any of the Defendants, and the legal representatives, affiliates, heirs, successors-in-interest or assigns of any such excluded party.  Also excluded from the Class are any putative Class Members who exclude themselves by filing a request for exclusion in accordance with the requirements set forth in the Notice.

(e)     "Class Member" means a member of the Class.

(f)     "Class Period" means, for the purposes of this Settlement only, the period of time from August 11, 2011 through and including January 16, 2012.

(g)     "Defendants" means Kinross and the Individual Defendants.

(h)     "Defendants' Counsel" means the law firm of Sullivan & Cromwell LLP.

(i)     "Effective Date" means the date upon which the Settlement contemplated by this Stipulation shall become effective, as set forth in ¶ 23 below.

(j)     "Escrow Agent" means Signature Bank.

(k)     "Final," with respect to the Order and Final Judgment, means: (a) the expiration of time to alter or amend the Order and Final Judgment under Federal Rule of Civil Procedure 59(e) without any such motion having been filed; (b) if no appeal is filed, the expiration date of the time for filing or noticing of any appeal from the Court's Order and Final Judgment, *i.e.* thirty (30) days after entry of the Judgment; or (c) if there is an appeal from the entry of the Order and Final Judgment or from the denial of a Rule 59(e) motion to alter or amend the Order and Final Judgment, the date of final dismissal of any such appeal, or the final dismissal of any proceeding on certiorari to review the Order and Final Judgment; or (d) the date of final affirmance on any such appeal, the expiration of the time to file a petition for a writ of certiorari, or the denial of a writ of certiorari to review the Judgment, and, if certiorari is granted, the date of final affirmance against any such appeal following review pursuant to that grant.  Any

proceeding or order, or any appeal or petition for a writ of certiorari pertaining solely to any plan of allocation and/or application for attorneys' fees, costs or expenses, shall not in any way delay or preclude the Order and Final Judgment from becoming Final.

(l)      "Gross Settlement Fund" means the Cash Settlement Amount.

(m)      "Individual Defendants" means Tye W. Burt, Paul H. Barry, Glen Masterman, and Kenneth G. Thomas.

(n)      "Lead Counsel" means the law firm Bernstein Liebhard LLP.

(o)      "Net Settlement Fund" has the meaning defined in ¶ 5(a) hereof.

(p)      "Notice" means the Notice of Pendency of Class Action and Proposed Settlement, Motion for Attorneys' Fees, and Settlement Fairness Hearing, which is to be sent to members of the Class substantially in the form attached hereto as Exhibit A-1.

(q)      "Order and Final Judgment" means the proposed order to be entered approving the Settlement substantially in the form attached hereto as Exhibit B.

(r)      "Preliminary Approval Order" means the order for which Lead Plaintiff shall apply to the Court, requesting preliminary approval of the Settlement and directing notice thereof to the Class substantially in the form attached hereto as Exhibit C.

(s)       "Publication Notice" means the summary notice of proposed Settlement and hearing for publication substantially in the form attached as Exhibit A-2.

(t)      "Released Parties" means any and all Defendants, their past, present, or future subsidiaries, divisions, joint ventures, assigns parents, successors, and predecessors, and each of their past, present, or future officers, directors, agents, employees, attorneys, controlling shareholders, advisors, investment advisors, auditors, accountants, insurers (including reinsurers and co-insurers), investment advisors, personal or legal representatives, spouses, heirs, or

affiliated entities, and any person, firm, trust, corporation, officer, director or other individual or entity in which any Defendant has a controlling interest or which is related to or affiliated with any Defendants.

(u)     "Released  Claims" means any and all claims, debts, demands, rights, or causes of action or liabilities whatsoever (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses or liability whatsoever), whether based on federal, state, local, statutory or common law or any other law, rule or regulation, whether fixed or contingent, accrued or un-accrued, liquidated or un-liquidated, at law or in equity, matured or un-matured, whether class or individual in nature, including both known claims and Unknown Claims, (i) based on or in any way related to the purchase of Kinross common stock purchased on the open market in the United States during the Class Period, (ii) that have been asserted in this Action by Class Members or any of them against any of the Released Parties, or (iii) that could have been asserted in any forum by Class Members or any of them against any of the Released Parties which arise out of or are related to the allegations, transactions, facts, matters, or occurrences, representations or omissions involved, set forth, or referred to in the Amended Complaint.

(v)     "Released Defendants' Claims" means any and all claims, rights or causes of action or liabilities whatsoever, whether based on federal, state, local, statutory or common law or any other law, rule or regulation, including both known claims and Unknown Claims, that have been or could have been asserted in the Action or any forum by Defendants or any of them or the successors and assigns of any of them against Lead Plaintiff, other Class Members, or their attorneys, which arise out of or relate in any way to the institution, prosecution, or settlement of the Action (except for claims to enforce the Settlement and related documents).

10

(w)     "Settlement" means the settlement reflected in this Stipulation.

(x)     "Settlement Hearing" means the heading that Lead Plaintiff will request the Court hold in order to finally approve the Settlement as set forth herein.

(y)     "Unknown Claims" means any and all Released Claims which Lead Plaintiff or any Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Parties, and any Released Defendants' Claims which any Defendant does not know or suspect to exist in his, her or its favor, which if known by him, her or it might have affected his, her or its decision(s) with respect to the Settlement.  With respect to any and all Released Claims and Released Defendants' Claims, the parties stipulate and agree that upon the Effective Date, Lead Plaintiff and Defendants shall expressly waive, and each Class Member shall be deemed to have waived, and by operation of the Order and Final Judgment shall have expressly waived, any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

Lead Plaintiff and Defendants acknowledge, and all other Class Members by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims and Released Defendants' Claims was separately bargained for and was a key element of the Settlement.

## SCOPE AND EFFECT OF SETTLEMENT

2.       The obligations incurred pursuant to this Stipulation shall be in full and final disposition of the Action as against the Defendants and any and all Released Claims as against all Released Parties and any and all Released Defendants' Claims.

3.       (a)       Upon the Effective Date of this Settlement, Lead Plaintiff and all the other Class Members on behalf of themselves, their heirs, executors, administrators, predecessors, successors and assigns, shall, with respect to each and every Released Claim, release and forever discharge, and shall forever be enjoined from prosecuting, any Released Claims against any of the Released Parties.

(b)       Upon the Effective Date of this Settlement, Defendants, on behalf of themselves, their heirs, executors, administrators, predecessors, successors and assigns, and the other Released Parties, shall release and forever discharge each and every of the Released Defendants' Claims, and shall forever be enjoined from prosecuting the Released Defendants' Claims against Lead Plaintiff, all other Class Members, and their respective counsel.

(c)       Notwithstanding the provisions of ¶ 3(a) and (b) hereof, in the event that any of the Released Parties asserts against Lead Plaintiff, any Class Member or their respective counsel, any claim that is a Released Defendants' Claim, then Lead Plaintiff, such Class Member or counsel shall be entitled to use and assert such factual matters included within the Released Claims only against such Released Party in defense of such claim but not for the purposes of affirmatively asserting any claim against any Released Party.

## THE SETTLEMENT CONSIDERATION

4.       (a)       Kinross, through its insurers, reinsurers, and/or coinsurers, shall pay or cause to be paid within thirty (30) days from the Court's entry of a Preliminary Approval Order,

consistent with Exhibit C hereto (the "Due Date"), Thirty-Three Million Dollars ($33,000,000) in cash, plus, if paid later than the Due Date, a sum equivalent to simple interest on the Cash Settlement Amount from the Due Date to the actual date of payment, calculated at the Prime Rate in effect on the Due Date and monthly thereafter, (the "Cash Settlement Amount") into the account established by the Escrow Agent for the benefit of Lead Plaintiff and the Class Members.  Lead Plaintiff acknowledges that none of the Individual Defendants will contribute to the Cash Settlement Amount.

(b)     Upon deposit of the Cash Settlement Amount into escrow, the Cash Settlement Amount and any income or interest earned thereon shall be the "Gross Settlement Fund."

5.     (a)     The Gross Settlement Fund, net of any Taxes (as defined below) on the income thereof, shall be used to pay (i) the Notice and Administration Costs referred to in ¶ 7 hereof, (ii) the attorneys' fee and expense award referred to in ¶ 8 hereof, (iii) Lead Plaintiff and additional named plaintiffs' reimbursement of reasonable costs and expenses (including lost wages) pursuant to the PSLRA, and (iv) the remaining reasonable administration expenses referred to in ¶ 9 hereof, including bank escrow fees.  The balance of the Gross Settlement Fund after the above payments shall be the "Net Settlement Fund" (together with the Gross Settlement Fund, the "Settlement Fund").  The Net Settlement Fund shall be distributed to the Authorized Claimants as provided in ¶¶ 10-12 hereof.  Any sums required to be held in escrow hereunder prior to the Effective Date shall be held by the Escrow Agent.  All costs of maintaining the Settlement Fund in escrow shall come from the Gross Settlement Payment.  The Settlement Fund held by the Escrow Agent shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds shall be distributed or returned

to the persons paying the same pursuant to this Stipulation and/or further order of the Court.  The Escrow Agent shall invest the Settlement Fund held in escrow in a money market account or short-term United States Agency or Treasury Securities (or a mutual fund invested solely in such instruments), and shall collect and reinvest all interest accrued thereon.  The parties hereto agree that the Settlement Fund is intended to be a Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-1 and that the Escrow Agent, as administrator of the Settlement Fund within the meaning of Treasury Regulation §1.468B-2(k)(3), shall be responsible for filing tax returns for the Settlement Fund and paying from the Settlement Fund any Taxes owed with respect to the Settlement Fund or any interest earned thereon or any appreciation in the Settlement Fund.  The parties hereto agree that the Settlement Fund shall be treated as a Qualified Settlement Fund from the earliest date possible, and agree to any relation-back election required to treat the Settlement Fund as a Qualified Settlement Fund from the earliest date possible.  Defendants' Counsel agree to provide promptly to the Escrow Agent the statement described in Treasury Regulation § 1.468B-3(e).

(b)     All (i) taxes arising with respect to the income of the Settlement Fund and (ii) reasonable expenses and costs incurred in connection with the taxation of the Gross Settlement Fund (including, without limitation, expenses of tax attorneys and accountants) (collectively "Taxes") shall be paid out of the Gross Settlement Fund, shall be considered to be a cost of administration of the settlement and shall be timely paid by the Escrow Agent without prior Order of the Court.  Such Taxes include any Taxes imposed upon the Released Parties with respect to the Settlement Fund.

(c)     The Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Class Members any funds necessary to pay Taxes,

14

including the establishment of adequate reserves for any Taxes (as well as any amounts that may be required to be withheld under Treas. Reg. § 1.468B-2(1)(2)).

(d)     The parties agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out these provisions.

## ADMINISTRATION

6.     The Claims Administrator shall administer the Settlement subject to the jurisdiction of the Court.  Except as stated in ¶ 14 hereof, the Released Parties shall have no responsibility for the administration of the Settlement and shall have no liability to the Class in connection with such administration (including any distribution of funds to the Class Members). Defendants' Counsel shall cooperate in the administration of the Settlement to the extent reasonably necessary to effectuate its terms, including providing without charge a spreadsheet containing transfer record information from its transfer agent concerning the purchases of Kinross stock during the Class Period, as well as, for one trading day prior to and one trading day after the Class Period.

7.     Lead Counsel may pay from the Settlement Amount, without further approval from Defendants, the reasonable costs and expenses associated with identifying members of the Class and effecting mail Notice and Publication Notice to the Class, and the administration of the Settlement, including without limitation, the actual costs of publication, printing and mailing the Notice, reimbursements to nominee owners for forwarding notice to their beneficial owners, and the administrative expenses incurred and fees charged by the Claims Administrator in connection with providing notice and processing the submitted claims.  Such costs and expenses together

shall not exceed $575,000, though Lead Counsel may make application to the Court for reasonable expenses exceeding this amount.

## FEES AND EXPENSES

8.     Lead Counsel will apply to the Court for an award from the Gross Settlement Fund of attorneys' fees and reimbursement of expenses.  Such amounts as are awarded by the Court shall be payable from the Gross Settlement Fund to Lead Counsel immediately upon award, notwithstanding the existence of any timely filed objections thereto, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof, subject to Lead Counsel's obligation to make a full refund to the Settlement Fund, plus accrued interest at the same net rate as is earned by the Gross Settlement Fund, if the Settlement is terminated or a partial refund to the Settlement Fund in an amount reflecting any reduction of fees or expenses, plus accrued interest at the same net rate as is earned by the Gross Settlement Fund, if the fee or expense award is reduced.  Lead Counsel shall allocate the attorneys' fees amongst additional plaintiffs' counsel in a manner in which Lead Counsel in good faith believes reflects the contributions of such counsel to the prosecution and settlement of the Action with Defendants.

## DISTRIBUTION TO AUTHORIZED CLAIMANTS

9.     Lead Counsel will apply to the Court, on notice to Defendants' Counsel, for an order (the "Class Distribution Order") approving the Claims Administrator's administrative determinations concerning the acceptance and rejection of the claims submitted herein and approving any fees and expenses not previously applied for, including the fees and expenses of the Claims Administrator, and, if the Effective Date has occurred, directing payment of the Net Settlement Fund to Authorized Claimants.

10.     The Claims Administrator shall determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's Recognized Claim (as defined in the Plan of Allocation described in the Notice annexed hereto as Exhibit A-1, or in such other Plan of Allocation as the Court approves).

11.     The Plan of Allocation proposed in the Notice is not a necessary term of this Stipulation and it is not a condition of this Stipulation that any particular Plan of Allocation be approved.

12.     Each Authorized Claimant shall be allocated a *pro rata* share of the Net Settlement Fund based on his or her Recognized Claim compared to the total Recognized Claims of all accepted claimants.  This is not a claims-made settlement.  The entire Net Settlement Fund shall be distributed to the Authorized Claimants.  If there is any balance remaining in the Net Settlement Fund six months from the date of distribution of the Net Settlement Fund by reason of un-cashed distributions or otherwise, then, after the Claims Administrator has made reasonable efforts to have Authorized Claimants cash their distributions, and it is economically feasible, any balance remaining in the Net Settlement Fund shall be redistributed to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such redistribution after the payment of any taxes and unpaid costs or fees incurred in administering the Net Settlement Fund for such redistribution.   If, after six months following such redistribution funds still remain in the Net Settlement Fund, the outstanding balance shall be donated to a non-sectarian, not-for-profit 501(c)(3) organization serving the public interest, designated by Lead Plaintiff and approved by the Court.  The Defendants shall not be entitled to get back any of the settlement monies once the Settlement becomes Final.  The Defendants shall have no involvement in reviewing or challenging claims.

## ADMINISTRATION OF THE SETTLEMENT

13.     Any member of the Class who does not submit a valid Proof of Claim will not be entitled to receive any of the proceeds from the Net Settlement Amount but will otherwise be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Order and Final Judgment to be entered in the Action and the releases provided for herein, and will be barred from bringing any action against the Released Parties concerning the Released Claims.

14.     The Claims Administrator shall process the Proofs of Claim and, after entry of the Class Distribution Order, distribute the Net Settlement Fund to the Authorized Claimants. Except for their obligation to pay the Settlement Amount, and to use reasonable effort to produce information transfer records relating to the identification of Class Members, as provided herein, Defendants shall have no liability, obligation or responsibility for the administration of the Settlement or disbursement of the Net Settlement Fund, and the Claims Administrator shall indemnify Defendants against any liability, costs, or expenses resulting the Claims Administrator's reckless or intentional misconduct.  Lead Counsel shall have the right, but not the obligation, to advise the Claims Administrator to waive what Lead Counsel deem to be formal or technical defects in any Proofs of Claim submitted in the interests of achieving substantial justice.

15.     For purposes of determining the extent, if any, to which a Class Member shall be entitled to be treated as an "Authorized Claimant", the following conditions shall apply:

(a)     Each Class Member shall be required to submit a Proof of Claim (see attached Exhibit A-3), supported by such documents as are designated therein, including proof of the transactions claimed and the losses incurred thereon, or such other documents or proof as the Claims Administrator, in its discretion may deem acceptable;

(b)     All Proofs of Claim must be submitted by the date specified in the Notice, unless such period is extended by Order of the Court.  Any Class Member who fails to submit a Proof of Claim by such date shall be forever barred from receiving any payment pursuant to this Stipulation (unless, by Order of the Court, a later submitted Proof of Claim by such Class Member is approved), but shall in all other respects be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment to be entered in the Action and the releases provided for herein, and will be barred from bringing any action against the Released Parties concerning the Released Claims.  Provided that it is received before the motion for the Class Distribution Order is filed, a Proof of Claim shall be deemed to have been submitted when posted, if received with a postmark indicated on the envelope and if mailed by first-class mail and addressed in accordance with the instructions thereon.  In all other cases, the Proof of Claim shall be deemed to have been submitted when actually received by the Claims Administrator;

(c)     Each Proof of Claim shall be submitted to and reviewed by the Claims Administrator, who shall determine in accordance with this Stipulation and the approved Plan of Allocation the extent, if any, to which each claim shall be allowed, subject to review by the Court pursuant to subparagraph (e) below;

(d)     Proofs of Claim that do not meet the submission requirements may be rejected.  Prior to rejection of a Proof of Claim, the Claims Administrator shall communicate with the claimant in order to attempt to remedy the curable deficiencies in the Proof of Claim submitted.  The Claims Administrator shall notify, in a timely fashion and in writing, each claimant whose Proof of Claim it proposes to reject in whole or in part, setting forth the reasons therefor, and shall indicate in such notice that the claimant whose claim is to be rejected has the

19

right to a review by the Court if the claimant so desires and complies with the requirements of subparagraph (e) below;

(e)     If any claimant whose claim has been rejected in whole or in part desires to contest such rejection, the claimant must, within twenty (20) days after the date of mailing of the notice required in subparagraph (d) above, serve upon the Claims Administrator a notice and statement of reasons indicating the claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by Lead Counsel.  If a dispute concerning a claim cannot be otherwise resolved, Lead Counsel shall thereafter present the request for review to the Court on notice to the claimant; and

(f)     The administrative determinations of the Claims Administrator accepting and rejecting claims shall be presented to the Court, on notice to Defendants' Counsel, for approval by the Court in the Class Distribution Order.

16.     Each claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the claimant's claim, and the claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to that claimant's status as a Class Member and the validity and amount of the claimant's claim.  No discovery shall be allowed on the merits of the Action or Settlement in connection with processing of the Proofs of Claim.

17.     Payment pursuant to this Settlement shall be deemed final and conclusive against all Class Members.  All Class Members whose claims are not approved by the Court shall be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Order

and Final Judgment to be entered in this Action and the releases provided for herein, and will be barred from bringing any action against the Released Parties concerning the Released Claims.

18.    All proceedings with respect to the administration, processing, and determination of claims described by this Stipulation and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of claims, shall be subject to the jurisdiction of the Court.

19.    The Net Settlement Fund shall be distributed to Authorized Claimants by the Claims Administrator only after the Effective Date and after:  (i) all timely Claims have been processed, and all claimants whose Claims have been rejected or disallowed, in whole or in part, have been notified and provided the opportunity to be heard concerning such rejection or disallowance; (ii) all objections with respect to all rejected or disallowed claims have been resolved by the Court, and all appeals therefrom have been resolved or the time therefor has expired, or a reserve has been made to cover the potential payment to such claimants; (iii) all matters with respect to attorneys' fees, costs, plaintiff reimbursements, and disbursements have been resolved by the Court, all appeals therefrom have been resolved or the time therefor has expired, or a reserve has been made to cover the potential payment with respect to such attorneys' fees, costs, and disbursements; and (iv) all costs of administration have been paid or provided for.

## TERMS OF PRELIMINARY APPROVAL ORDER

20.    Concurrently with their application for preliminary Court approval of the Settlement contemplated by this Stipulation, Lead Plaintiff shall apply to the Court for entry of a Preliminary Approval Order, substantially in the form annexed hereto as Exhibit C.  Lead Plaintiff shall request that all requests for exclusion from the Class must be postmarked at least

twenty-eight (28) calendar days prior to the Settlement Hearing date.  Upon receiving any request(s) for exclusion pursuant to the Notice, the Claims Administrator shall promptly notify Lead Counsel and Defendants' Counsel of such request(s) for exclusion.

## TERMS OF ORDER AND FINAL JUDGMENT

21.    If the Settlement contemplated by this Stipulation is approved by the Court, counsel for the parties shall request that the Court enter an Order and Final Judgment substantially in the form annexed hereto as Exhibit B.

## SUPPLEMENTAL AGREEMENT

22.    Concurrently with the execution of this Stipulation, Lead Plaintiff and Defendants, through their respective counsel, are executing a "Supplemental Agreement," the substance of which provides that Defendants shall, at their sole discretion, have the right to withdraw from or terminate this Settlement if potential members of the Class who purchased in the aggregate an amount equal to or greater than a certain number of shares of Kinross common stock (as set forth in the Supplemental Agreement) elect to exclude themselves from the Class. In this regard, it is understood and agreed that shares of Kinross common stock that were not traded publicly shall not be included in the threshold level at which the termination provision is triggered.  If Defendants decide to terminate this Settlement because potential members of the Settlement Class who purchased the requisite number of shares specified in the Supplemental Agreement request exclusion from the Class, they must notify Lead Counsel of their intent to do so no later than seven business days before the Settlement Hearing. The Supplemental Agreement may be examined by the Court if so requested by the Court.  In the event of termination of this Settlement pursuant to the Supplemental Agreement, this Stipulation and the Settlement shall become null and void and of no further force and effect.

**EFFECTIVE DATE OF SETTLEMENT, WAIVER OR TERMINATION**

23.     The "Effective Date" of Settlement shall be the date when all the following shall have occurred:

(a)     approval by the Court of the Settlement, following notice to the Class and a hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure; and

(b)     the entry by the Court of an Order and Final Judgment, substantially in the form set forth in Exhibit B annexed hereto become Final, or, in the event that the Court enters an order and final judgment in a form other than that provided above ("Alternative Judgment") and none of the parties hereto elect to terminate this Settlement, the date that such Alternative Judgment becomes Final.

24.     Defendants and Lead Plaintiff shall each have the right to terminate the Settlement and this Stipulation by providing written notice of their election to do so ("Termination Notice") to all other parties hereto within thirty (30) days of the Court's rejection of this Stipulation or any material part of it.

25.     Except as otherwise provided herein, in the event the Settlement is terminated, then the parties to this Stipulation shall be deemed to have reverted to their respective status in the Action immediately prior to the execution of this Stipulation and, except as otherwise expressly provided, the parties shall proceed in all respects as if this Stipulation and any related orders had not been entered, and any portion of the Cash Settlement Amount previously paid, together with any interest earned thereon, less any Taxes due with respect to such income, and less reasonable costs of administration and notice actually incurred and properly due and owing in connection with the Settlement and paid or payable from the Cash Settlement Amount, shall

be returned by the Escrow Agent within ten (10) business days to the entity that paid the Cash Settlement Amount in accordance with written instructions by that entity.

## NO ADMISSION OF WRONGDOING

26.     This Stipulation, whether or not consummated, and any proceedings taken pursuant to it:

(a)     shall not be offered or received against any Released Party as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any Released Party with respect to the truth of any fact alleged by Lead Plaintiff or the validity of any claim that has been or could have been asserted in the Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault, or wrongdoing of any Released Party;

(b)     shall not be offered or received against any Released Party as evidence of a presumption, concession, or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any Released Party;

(c)     shall not be offered or received against any Released Party as evidence of a presumption, concession, or admission with respect to any liability, negligence, fault, or wrongdoing, or in any way referred to for any other reason as against any Released Party, in any other civil, criminal, or administrative action or proceeding, whether foreign or domestic, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; provided, however, that if this Stipulation is approved by the Court, the Released Parties may refer to it to effectuate the liability protection granted them hereunder;

(d)     shall not be construed against any Released Party as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; and

(e)     shall not be construed as or received in evidence as an admission, concession or presumption against Lead Plaintiff or any of the other Class Members that any of their claims are without merit, or that any defenses asserted by any Released Party have any merit, or that damages recoverable under the Amended Complaint would not have exceeded the Gross Settlement Fund.

## MISCELLANEOUS PROVISIONS

27.     All of the exhibits attached hereto are hereby incorporated by reference as though fully set forth herein.

28.     Kinross warrants as to the payments made by it, at the time of such payment that it made or caused to be made pursuant to ¶ 4 above, that Kinross was not insolvent, nor did nor will the payment required to be made by or on behalf of Kinross render it insolvent, within the meaning of and/or for the purposes of the United States Bankruptcy Code, including §§ 101 and 547 thereof.  This warranty is made by Kinross, and not by Defendants' Counsel.

29.     If a case is commenced in respect of any Defendant contributing to the Settlement Amount (or any insurer contributing funds to the Cash Settlement Amount on behalf of any Defendant) under Title 11 of the United States Code (Bankruptcy), or a trustee, receiver, conservator, or other fiduciary is appointed under any similar law, and in the event of the entry of a final order of a court of competent jurisdiction determining the transfer of money to the Gross Settlement Fund or any portion thereof by or on behalf of such Defendant to be a preference, voidable transfer, fraudulent transfer, or similar transaction and any portion thereof is

required to be returned, and such amount is not promptly deposited to the Gross Settlement Fund by others, then, at the election of Lead Counsel, the parties shall jointly move the Court to vacate and set aside the releases given and Judgment entered in favor of Defendants pursuant to this Stipulation, which releases and Judgment shall be null and void, and the parties shall be restored to their respective positions in the litigation immediately prior to the execution of this Stipulation and any cash amounts in the Gross Settlement Fund shall be returned as provided in ¶ 25 above.

30.     The parties to this Stipulation intend the Settlement to be a final and complete resolution of all disputes asserted or which could be asserted by the Class Members against the Released Parties with respect to the Released Claims.   Accordingly, Lead Plaintiff and Defendants agree not to assert in any forum that the litigation was brought by Lead Plaintiff or defended by Defendants in bad faith or without a reasonable basis.   The parties hereto shall assert no claims of any violation of Rule 11 of the Federal Rules of Civil Procedure relating to the prosecution, defense, or settlement of the Action.   The parties agree that the amount paid and the other terms of the Settlement were negotiated at arm's length in good faith by the parties, and reflect a settlement that was reached voluntarily after consultation with experienced legal counsel.

31.     All prior agreements made and orders entered during the course of the Action relating to the confidentiality of information shall survive this Settlement, pursuant to their terms.   For the avoidance of doubt, Lead Counsel, Lead Plaintiffs, and any other plaintiffs may not share any work product that includes or is derived from any Confidential information with parties in any other action, proceeding, or other claim in any jurisdiction, whether or not formally initiated, against any of the Released Parties concerning any claims, both known claims and

Unknown Claims, in any way concerning or related to the Released Claims or otherwise concerning or related to the Tasiast mine.

32.     This Stipulation may not be modified or amended, nor may any of its provisions be waived except by a writing signed by all parties hereto or their successors-in-interest.

33.     The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

34.     The administration and consummation of the Settlement as embodied in this Stipulation and its exhibits shall be under the authority of the Court and the Court shall retain jurisdiction for the purpose of implementing and enforcing the settlement embodied in this Stipulation, including entering orders providing for awards of attorneys' fees and expenses to Lead Counsel.

35.     The waiver by one party of any breach of this Stipulation by any other party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

36.     This Stipulation and its exhibits constitute the entire agreement among the parties hereto concerning the Settlement of the Action, and no representations, warranties, or inducements have been made by any party hereto concerning this Stipulation and its exhibits other than those contained and memorialized in such documents.

37.     This Stipulation may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument.

38.     This Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the parties hereto.

39.     The construction, interpretation, operation, effect, and validity of this Stipulation, and all documents necessary to effectuate it, shall be governed by the internal laws of the State of

New York without regard to conflicts of laws, except to the extent that federal law requires that federal law governs.

40.     No opinion or advice concerning the tax consequences of the proposed Settlement to individual Class Members is being given or will be given by Lead Counsel or Defendants' Counsel; nor is any representation or warranty in this regard made by virtue of this Stipulation. Each Class Member's tax obligations, and the determination thereof, are the sole responsibility of the Class Member, and it is understood that the tax consequences may vary depending on the particular circumstances of each individual Class Member.

41.     This Stipulation shall not be construed more strictly against one party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the parties, it being recognized that it is the result of arm's-length negotiations between the parties and all parties have contributed substantially and materially to the preparation of this Stipulation.

42.     All counsel and any other person executing this Stipulation and any of the exhibits hereto, or any related settlement documents, warrant and represent that they have the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

43.     Any notice, demand, or other communication under this Stipulation (other than the Class Notice or other notice give at the direction of the Court) shall be in writing and shall be deemed duly given upon receipt if it is addressed to each of the intended recipients as set forth in the signature blocks below, and delivered by both (i) email, and (ii) by registered or certified mail (postage prepaid) or delivered by reputable express overnight carriers.

44.     Lead Counsel and Defendants' Counsel agree to cooperate fully with one another in seeking Court approval of the Order for Notice and Hearing, the Stipulation and the Settlement, and to promptly agree upon and execute all such other documentation as may be reasonably required to obtain final approval by the Court of the Settlement.

DATED:  March 26, 2015

**SULLIVAN & CROMWELL LLP**

/s/ Robert J. Giuffra, Jr.
Robert J. Giuffra, Jr.
Matthew A. Schwartz
Thomas W. Walsh
125 Broad Street
New York, NY 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588

*Counsel for Defendants*

**BERNSTEIN LIEBHARD LLP**

/s/ Stanley D. Bernstein
Stanley D. Bernstein
U. Seth Ottensoser
Michael S. Bigin
Laurence J. Hasson
10 East 40th Street, 28th Floor
New York, NY 10016
Telephone: (212) 779-1414
Facsimile: (212) 779-3218

*Counsel for Lead Plaintiff and the Class*